# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL LAWRENCE and MICHAEL McCONNEL,<br><br>　　　　Plaintiffs,<br>　vs.<br>UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES BUREAU OF THE MINT; and THE UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Civil No. 14cv594-WQH-MDD<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (ECF No. 11).

## BACKGROUND

　　On March 14, 2014, Plaintiffs Randall Lawrence and Michael McConnell initiated this action by filing a Complaint for Declaratory Judgment ("Complaint") in this Court. (ECF No. 1). On July, 23, 2014, this Court submitted an Order granting Defendants Motion to Dismiss on the grounds that the Complaint failed to allege sufficient facts to support the legal conclusions that Plaintiffs are the "owners" of the Aluminum Cent, with a "legal right to have their coin sold at public auction," and that "the Government's claim to Plaintiffs' Aluminum Cent is invalid." (ECF No. 10 at 5).

　　On August 21, 2014, Plaintiffs filed a Motion for Leave to File First Amended

1  Complaint (ECF No. 11) which is the operative pleading. On September 8, 2014,
2  Defendants filed an opposition. (ECF No. 14). On September 15, 2014, Plaintiffs filed
3  a reply. (ECF No. 15).

## CONTENTIONS OF PARTIES

Plaintiffs contend that the proposed First Amended Complaint ("FAC") amends the allegations found in the Complaint to allege specifically the manner in which Plaintiffs came into possession of the Aluminum Cent, as well as the manner in which Plaintiff Lawrence's father, Harry Lawrence, came into possession of the coin. (ECF No. 11 at 3). Plaintiffs contend that the FAC further amends the allegations of the Complaint to plead the specific grounds upon which Plaintiffs allege their superior title to the Aluminum Cent, including three statutory presumptions attaching under California state law. (ECF No. 11 at 3-4). Plaintiffs further contend that the proposed FAC amends the allegations of the Complaint to include information of the sale at public auction, subsequent to the filing of the original Complaint, of experimental 1921 and 1922 U.S. Peace Dollars created for and kept by then-U.S. Mint Director Raymond T. Baker. (ECF No. 11 at 4).

Defendants contend that leave to amend would be futile because the proposed amended complaint suffers from the same deficiencies described by the Court in its order dismissing the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 14 at 6.). Defendants contend that Plaintiffs have not asserted – and cannot assert – any facts that would support any scenario under which they could plausibly be in lawful possession of the subject piece. *Id*. Defendants further contend that the proposed amended complaint fails to allege sufficient facts to support its mere legal conclusions that Plaintiffs are the "owners" of the piece, with a "legal right to have their coin sold at public auction," and that "the Government's claim to Plaintiffs' Aluminum Cent is invalid." *Id*.

## RULING OF COURT

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given

when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, the proposed first amended complaint, and the filings of the parties, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed. *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Complaint is GRANTED. (ECF No. 11). Plaintiff shall file the proposed first amended complaint attached to the motion within ten (10) days of the date of this Order.

DATED: December 8, 2014

**WILLIAM Q. HAYES**
United States District Judge