# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL LAWRENCE and MICHAEL McCONNELL,<br><br>                      Plaintiffs,<br>vs.<br>UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES BUREAU OF THE MINT; and the UNITED STATES OF AMERICA,<br><br>                      Defendants. | CASE NO. 14cv594-WQH-NLS<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss First Amended Complaint, filed by Defendants United States Department of the Treasury, United States Bureau of the Mint, and the United States of America. (ECF No. 19).

## I.    Background

      On March 14, 2014, Plaintiffs Randall Lawrence and Michael McConnell initiated this action by filing a Complaint for Declaratory Judgment. (ECF No. 1). Plaintiffs sought a declaratory judgment that Plaintiffs are the legal owners of a unique United States coin, a 1974-D Aluminum Cent, and that "the Government's legal claim to Plaintiffs' aluminum cent is invalid." *Id.* at 18. On June 3, 2014, Defendants United States Department of the Treasury, United States Bureau of the Mint, and the United States of America filed a motion to dismiss the Complaint. (ECF No. 3). On July 23, 2014, this Court granted Defendants' motion on the grounds that the Complaint failed

to allege sufficient facts to support the legal conclusion that Plaintiffs are the "owners" of the Aluminum Cent, with a "legal right to have their coin sold at public auction," and that "the Government's claim to Plaintiffs' Aluminum Cent is invalid." (ECF No. 10 at 5).

On December 12, 2014, Plaintiffs filed the First Amended Complaint ("FAC"). (ECF No. 17). On December 24, 2014, Defendants filed the Motion to Dismiss First Amended Complaint. (ECF No. 19). On January 19, 2015, Plaintiffs filed an opposition. (ECF No. 20). On January 26, 2015, Defendants filed a reply. (ECF No. 21).

## II.   Allegations of the FAC

Plaintiffs are "the owners of a unique United States coin, a 1974-D Aluminum Cent." (ECF No. 17 at 1). Over one million 1974 aluminum cents were struck by the U.S. Mint in 1973 and 1974. At least dozens of these coins were handed out by the United States Mint to various members and staff of the House and Senate Banking Committees in 1974 while attempting to persuade Congress to replace copper pennies with aluminum cents. The coins struck in Denver were intermingled with those manufactured in Philadelphia once they reached Washington, and were distributed in a similar manner. Although the U.S. Mint has claimed that no records exist indicating that any aluminum cents were authorized to be struck at the U.S. Mint's Denver facility, "the Denver Mint could not have made aluminum cents without a specific order to do so." *Id.* ¶ 39.

Congress ultimately decided not to adopt aluminum cents. The U.S. Mint melted down most of the specimens that were still at the Philadelphia Mint facility and collected a majority of those that had been distributed in Washington, D.C., to also be destroyed. "While it is rumored that only a dozen or so Aluminum Cents were minted at the Denver Mint, only Plaintiff's specimen is known to exist at this time." *Id.* ¶ 9.

> Plaintiff LAWRENCE is the son of the late Harry Edmond Lawrence, who served with distinction for approximately 20 years in the Denver Mint facility, predominantly in the assistant superintendent's position, retiring as assistant superintendent in 1980. Harry Lawrence was seconded to Washington, [D.C.,] during 1974, and on information and belief he participated in the various hearings and meetings with

> Congressmen, Senators and their staff relating to the 1974 aluminum cent . . . .
>
> The Denver Mint commemorated Harry Lawrence's impending retirement in 1979 by (a) giving him a clock engraved with his name and dates of service and with the "hours" represented by specimens of each of the last 90%-silver coins minted in Denver in 1964, and (b) allowing him to keep certain error coins struck in Denver which he had accumulated, and one specimen of the 1974-D aluminum cent.
>
> Harry Lawrence died in 1980, and Plaintiff LAWRENCE obtained the clock, the error coins, and the 1974-D aluminum cent that is the subject of this action along with his father's other personal property. In 2013, LAWRENCE conveyed an interest in the 1974-D aluminum cent to Plaintiff McCONNELL.

*Id.* ¶¶ 34-36.

On February 26, 2014, the Chief Counsel for the U.S. Mint sent Plaintiffs a letter demanding the return of any aluminum cent in Plaintiff's possession or control.[1] The letter stated that any aluminum cent remains property of the federal government because Congress never issued an aluminum cent as legal tender. A similar letter was sent to the auction house engaged by Plaintiffs to sell the coin.

The FAC alleges a single count for declaratory judgment. The FAC alleges:

> Plaintiffs are entitled to a declaratory judgment that they have a superior claim of title to the aluminum cent, based on the following:
>
> (a) the Government's having given the coin to Harry Lawrence in 1979, and the presumption of title provided thereby by California Evidence Code 632 (A thing delivered by one to another is presumed to have belonged to the latter);
>
> (b) Plaintiff LAWRENCE's undisturbed control of the coin for the past 34 years, combined with the presumption of title provided thereby by California Evidence Code 637 (The things which a person possesses are presumed to be owned by him);
>
> (c) Plaintiff LAWRENCE's undisturbed control of the coin for the past 34 years, combined with the presumption of title provided thereby by California Evidence Code 638 (A person who exercises acts of ownership over property is presumed to be the owner of it); [and]
>
> (d) the Government's recognition of the ownership rights of the

---

[1] Defendants request that the Court take judicial notice of the letters sent from the Chief Counsel of the U.S. Mint to Plaintiffs and the auction company. The Court has not relied on the letters and makes no ruling on Defendants' request for judicial notice.

current possessors of every other coin struck by the U.S. Mint since 1792...

*Id.* ¶ 65.

### III. Contentions of Parties

Defendants contend that Plaintiffs have not asserted–and cannot assert– facts that would support any scenario under which Plaintiffs could plausibly be in lawful possession of the subject piece. Defendants contend that Plaintiffs' possession of United States property is insufficient to divest the United States of its ownership interest, and that it does not matter whether or not "the 'Denver Mint' allowed him to 'keep' what he had already taken." (ECF No. 19 at 1). Defendants contend that "no authorization exists–and none is alleged–whereby any Government official could have lawfully allowed Mr. Lawrence to obtain or keep the subject piece that he possessed through advantage of his federal employment with the United States Mint." *Id.* at 1-2.

Plaintiffs contend that their allegation that U.S. Government officials knew of, and approved, Harry Lawrence's taking the Aluminum Cent and other coins with him at retirement, explains how Harry Lawrence lawfully came into possession of the Aluminum Cent. Plaintiffs contend that "the circumstances under which Harry Lawrence received the Aluminum Cent . . . with all reasonable inferences drawn from them, satisfy Plaintiffs' sole pleading requirement, namely a plausible basis for their claim of title to the coin." (ECF No. 20 at 2).

### II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

## III.   Ruling of the Court

It is unlawful for any person without proper authority to remove property from the United States Mint. *See* 31 C.F.R. § 91.4 (1974). "Congress has the power to provide for the disposition of property of the United States, and the power must be exercised by the authorized authority, and in the authorized manner." *Kern Copters Inc. v. Allied Helicopter Service, Inc.*, 277 F.2d 308, 313 (9th Cir. 1960) (citations omitted).

The FAC alleges that the "Denver Mint" commemorated Harry Lawrence's retirement by "allowing him to keep certain error coins struck in Denver which he had accumulated, and one specimen of the 1974-D aluminum cent." (ECF No. 17 at ¶ 35). The FAC alleges that the aluminum cent passed to Plaintiff Lawrence upon Harry Lawrence's death and that Plaintiff Lawrence conveyed an interest in the coin to Plaintiff McConnell. Plaintiffs seek a declaration, pursuant to 28 U.S.C. Section 2201, "that [Plaintiffs] have a superior claim of title to the aluminum cent" over the U.S.

Government. *Id.* ¶ 65.

Accepting Plaintiffs' factual allegations as true, it is plausible that a Mint official, with proper authority and in an authorized manner, allowed Harry Lawrence to keep the 1974-D aluminum cent. Drawing reasonable inferences, it is plausible that Harry Lawrence lawfully obtained possession of the aluminum cent, giving Plaintiffs superior claim of title to the aluminum cent. The Court concludes that the facts alleged may plausibly give rise to an entitlement to relief.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss FAC is DENIED. (ECF No. 19).

DATED: March 26, 2015

**WILLIAM Q. HAYES**
United States District Judge